IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SENJU PHARMACEUTICAL CO., LTD., | ) | |
| KYORIN PHARMACEUTICAL CO., LTD. | ) | |
| and ALLERGAN, INC., | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 07-779-***-LPS |
| APOTEX, INC., APOTEX CORP. and | ) | |
| APOTEX PHARMACHEM INDIA, PVT, | ) | |
| LTD., | ) | |
| Defendants. | ) | |

## DEFENDANTS APOTEX, INC. AND APOTEX CORP.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT

Defendants Apotex, Inc. and Apotex Corp. (collectively "Apotex") for their Answer,

Affirmative Defenses and Counterclaim to Plaintiffs' SENJU PHARMACEUTICAL CO., LTD.,

KYORIN PHARMACEUTICAL CO., LTD.,and ALLERGAN, INC., ("Plaintiffs" or "SENJU")

Complaint state as follows:

## NATURE OF THE ACTION

1.    This is an action for infringement of United States Letters Patent No.

6,333,045 ('045 Patent) under 35 U.S.C. §271(e) (2).

**ANSWER:**

Apotex admits that this action purports to be one for infringement of United

States Patent No. 6,333,045 ("the '045 patent") under 35 U.S.C. §271(e) (2).

## THE PARTIES

2.    Plaintiff Senju is a corporation organized under the laws of Japan having a

place of business at 2-5-8, Hirano-machi, Chuo-ku, Osaka 541-0046, Japan.

**ANSWER:**

Admitted on information and belief.

3.    Plaintiff Kyorin is a corporation organized under the laws of Japan having a place of business at 5, Kanda Surugadai 2-chonie, Chiyoda-ku, Tokyo 101-8311 Japan.

**ANSWER:**

Admitted on information and belief.

4.    Plaintiff Allergan is a Delaware corporation having a place of business at 2525 Dupont Drive, Irvine, California, 92612.

**ANSWER:**

Admitted on information and belief.

5.    On information and belief, defendant Apotex Corp. is a Delaware corporation with a place of business at 2400 North Commerce Parkway, Suite 400, Weston, Florida, 33326.

**ANSWER:**

Admitted.

6.    On information and belief, defendant Apotex Corp. offers for sale and sells numerous generic drugs manufactured and supplied by Apotex, Inc. throughout the United States, including this judicial district.

**ANSWER:**

Apotex admits that Apotex Corp. offers for sale and sells drug products in the United States, including this judicial district, manufactured and supplied by Apotex, Inc.  All other allegations of paragraph 6 are denied.

2

7.      On information and belief, defendant Apotex Inc. is a corporation organized under the laws of Canada, with a place of business at 150 Signet Drive, Toronto, Ontario, Canada M9L 1T9.

**ANSWER:**

Admitted.

8.      On information and belief, defendant Apotex, Inc. manufactures numerous generic drugs for sale and use throughout the United States, including this judicial district.

**ANSWER:**

Apotex admits that Apotex, Inc. manufactures numerous drug products for sale and use in the United States including this judicial district, but denies all other allegations set forth in paragraph 8.

9.      On information and belief, Apotex, Inc. has formulated and sold to Apotex Corp. a gatifloxacin ophthalmic solution 0.3% knowing that the solution's only use was to prepare and file an Abbreviated New Drug Application ("ANDA") with the FDA. Plaintiffs reserve the right to amend the complaint to substitute a different party for Apotex, Inc. if, through discovery, Plaintiffs discover that a company other than Apotex Inc, is formulating and selling the gatifloxacin ophthalmic solution 0.3% to Apotex Corp.

**ANSWER:**

Apotex Corp. denies the allegations contained in paragraph 9.

10.      On information and belief, defendant Apotex India is a corporation organized under the laws of India and having a place of business at Site 1 A, Bommasandra Industrial Area, 4th Phase, Jigani Link Road, Bangalore - 560 099 India.

149452

**ANSWER:**

This paragraph is not addressed to Apotex and does not require a response from Apotex. To the extent one is required, Apotex admits the allegations on information and belief.

11.    On information and belief, defendant Apotex India manufactures generic drugs for sale and use throughout the United States, including this judicial district.

**ANSWER:**

The allegations of paragraph 11 are not directed at and do not require a response from Apotex. To the extent a response is required, Apotex denies knowledge or information sufficient to form a belief as to those allegations and therefore denies them.

12.    On information and belief, Apotex India filed a Drug Master File for the gatifloxacin active pharmaceutical ingredient (API) and has sold gatifloxacin API to Apotex Corp. knowing that its only use was to prepare gatifloxacin ophthalmic solution 0.3% for use in the preparation and filing of an ANDA with the intent to market the solution in the United States before the expiration of the '045 patent.

**ANSWER:**

Apotex admits on information and belief that Apotex India filed a Drug Master File for gatifloxacin API but denies all other allegations of paragraph 12.

13.    On information and belief, the acts of Apotex Corp. complained of herein were done with the authorization of, with the cooperation, participation, and assistance of, and in part, for the benefit of Apotex, Inc. and Apotex India.

149452

ANSWER:

The averments of paragraph 13 are sufficiently vague and ambiguous that Apotex denies information or knowledge sufficient to form a belief as to those averments and therefore denies and demands strict proof thereof.

## JURISDICTION AND VENUE

14.     This action arises under 35 U.S.C. Section 1, *et seq.* This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

ANSWER:

Admitted.

15.     This court has personal jurisdiction over the defendants.

ANSWER:

Apotex admits that Apotex Corp. and Apotex, Inc. consent to jurisdiction in this Court, but otherwise denies knowledge or information sufficient to form a belief as to the remaining defendant.

16.     Venue is proper in this court under 28 U.S.C. §§ 1391 and 1400(b)

ANSWER:

Admitted as to Apotex, which otherwise denies knowledge or information sufficient to form a belief as to the remaining defendant.

## BACKGROUND

17.     The '045 patent, entitled "Aqueous Liquid Pharmaceutical Composition Comprised of Gatifloxacin," issued on December 25, 2001. A copy of the '045 patent is attached to this complaint as Exhibit A.

149452

**ANSWER:**

Apotex admits that what purports to be a copy of the '045 patent is attached to the

Complaint as Exhibit A which is entitled "Aqueous Liquid Pharmaceutical Composition

Comprised of Gatifloxacin" and lists an issue date of December 25, 2001. Apotex denies any

remaining allegations contained in paragraph 16.

18.    Senju and Kyorin jointly own the entire right and interest in the '045

patent.

**ANSWER:**

Apotex denies knowledge or information sufficient to form a belief as to the

averments of paragraph 18 and therefore denies them.

19.    Allergan is the exclusive licensee of the '045 patent for ophthalmic uses.

**ANSWER:**

Apotex denies knowledge or information sufficient to form a belief as to the

allegation in paragraph 19 and therefore denies it.

20.    Allergan is the holder of approved New Drug Application ("NDA") No.

02-1493 that covers Zymar® which is a 0.3% solution of gatifloxacin.

**ANSWER:**

Apotex admits that the FDA lists Allergan as the holder of approved New Drug

Application ("NDA") No. 02-1493 on its website. Apotex is without knowledge or information

sufficient to form a belief as to the remaining allegations contained in paragraph 20.

21.    In conjunction with NDA No. 02-1493, Allergan has listed the '045 patent

(and others) in the "Approved Drug Products with Therapeutic Equivalence Evaluations" (the

"Orange Book") maintained by the U.S. Food and Drug and Administration ("FDA"). Listing

patents in the Orange Book obligates drug companies seeking approval to market a generic

6

version of listed drug before the expiration of a listed patent to provide notice to the owner of the listed patent(s) and to the NDA holder with certain exceptions which do not apply to this case.

**ANSWER:**

Apotex admits on information and belief that Allergan has listed the '045 patent in the Orange Book. The remaining allegations of paragraph 21 are conclusions of law or are vague and do not require a response and therefore are denied.

22.    On information and belief, on July 13, 2007, Apotex India filed a Drug Master File for the gatifloxacin API.

**ANSWER:**

Apotex admits the allegations of paragraph 22 on information and belief.

23.    On information and belief, on July 19, 2007, Apotex Corp. filed ANDA No. 79-084 for gatifloxacin ophthalmic solution 0.3% with a Paragraph IV certification.

**ANSWER:**

Apotex admits that Apotex Corp. is holder of ANDA No. 79-084 for gatifloxacin ophthalmic solution 0.3%, which contains a Paragraph IV certification. Apotex Corp. denies all remaining allegations contained in paragraph 23.

24.    In a letter dated October 17, 2007, Apotex Corp. advised Senju, Kyorin and Allergan that it had filed ANDA No. 79-084 for gatifloxacin ophthalmic solution 0.3% which is the subject of Allergan's NDA.

**ANSWER:**

Apotex admits that Apotex Corp. transmitted a letter dated October 17, 2007 to Senju, Kyorin and Allergan. Apotex refers Plaintiffs to the referenced letter for its explicit

7

149452

terms. To the extent Plaintiffs' characterizations differ from the actual terms of the referenced letter, they are denied.

      25.    The October 17, 2007 letter purports to advise Plaintiffs pursuant to 21 U.S.C. §355(j)(2)(B)(ii) and 21 C.F.R. §314.95 that Apotex Corp.'s ANDA had been filed with a Paragraph IV certification to obtain approval to market a gatifloxacin ophthalmic solution 0.3% before the expiration of either the '045 patent or U.S. Patent 5,880,283 (the '283 patent).

**ANSWER:**

      Apotex admits that Apotex Corp. transmitted a letter dated October 17, 2007 and refers Plaintiffs to the referenced letter for its explicit terms. To the extent Plaintiffs' characterizations differ from the actual terms of the referenced letter, they are denied..

      26.    Apotex Corp. in its detailed statement submitted with the October 17, 2007, letter ("Apotex Corp.'s statement") asserts only that the '283 patent will not be infringed.

**ANSWER:**

      Apotex admits that Apotex Corp. transmitted a letter dated October 17, 2007 to Senju, Kyorin and Allergan containing a detailed statement. Apotex refers Plaintiffs to Apotex Corp.'s statement for its explicit terms. To the extent Plaintiffs' characterizations differ from the actual terms of Apotex Corp.'s statement they are denied.

      27.    Currently Plaintiffs have insufficient information upon which to form a belief regarding the infringement of the '283 patent. Plaintiffs reserve the right to amend this complaint or to file a new complaint should evidence become available tending to demonstrate that one or more of the defendants infringe the '283 patent.

149452

**ANSWER:**

Apotex admits that Plaintiffs' Complaint does not assert a claim for infringement of the '283 patent. Apotex denies all remaining allegations contained within paragraph 27.

28.    Apotex Corp.'s statement does not assert that its gatifloxacin ophthalmic solution 0.3% product does not infringe claims 1 -- 3 and 6 -- 9 of the '045 patent.

**ANSWER:**

Apotex denies all allegations contained in paragraph 28.

29.    On information and belief, Apotex Corp. admits that its gatifloxacin ophthalmic solution 0.3% product infringes claims 1 -- 3 and 6 - 9 of the '045 patent if valid.

**ANSWER:**

Apotex denies all allegations contained in paragraph 29.

30.    The claims of the '045 patent have a statutory presumption of validity.

**ANSWER:**

The allegations of paragraph 30 are conclusions of law to which no response or pleading is required. Apotex denies that the '045 patent is valid.

## COUNT I

### Infringement of the '045 Patent Under 35 U.S.C. § 271(e)(2)

31.    Paragraphs 1 - 30 are incorporated herein as set forth above.

**ANSWER:**

Apotex repeats and reasserts its responses set forth in Paragraphs 1 - 30 as if set forth herein in full.

32.    Apotex Corp.'s submission of ANDA No. 79-084 to obtain FDA approval to engage in the commercial manufacture, importation, sale, offer for sale, or use of

149452

gatifloxacin ophthalmic solution 0.3% in the United States before the expiration of the '045 patent was an act of infringement under 35 U.S.C. § 271 (e) (2) (A) of the '045 patent.

**ANSWER:**

The averments of paragraph 32 set forth conclusions of law to which no response or pleading is required. To the extent that such averments require a response, those averments are denied.

33.    Apotex Corp.'s commercial manufacture, importation, sale, offer for sale, or use of gatifloxacin ophthalmic solution 0.3% prior to the expiration of the '045 patent and after the filing of the ANDA will be an act of patent infringement of the '045 patent claims 1 -3 and 6 - 9. 35 U.S.C. § 271(a).

**ANSWER:**

Apotex denies all allegations contained in paragraph 33.

34.    Apotex, Inc. and Apotex India are jointly and severally liable for Apotex Corp.'s infringement of the '045 patent. On information and belief, Apotex, Inc. and Apotex India participated in, contributed to, aided, abetted, and/or induced Apotex Corp.'s submission of ANDA No. 79-084 to the FDA.

**ANSWER:**

Apotex denies all allegations contained in paragraph 34.

35.    Apotex, Inc.'s and Apotex India's participation in, contribution to, aiding, abetting and/or inducement of the submission of ANDA No. 79-084 and its §505(j)(2)(A)(vii)(IV) allegations to the FDA constitutes infringement of the '045 patent under 35 U.S.C. § 271(e)(2)(A). Moreover, Apotex, Inc.'s or Apotex India's offer for sale of the proposed gatifloxacin ophthalmic solution 0.3% would infringe the '045 patent.

149452

**ANSWER:**

Apotex denies all allegations contained in paragraph 35.

36.      On information and belief, Defendants were aware of the existence of the

'045 patent and were aware that the filing of ANDA No. 79-084 and certification with respect

to the '045 patent constituted infringement of that patent. This is an exceptional case.

**ANSWER:**

Apotex admits that ANDA No. 79-084 contained a Paragraph IV certification

with respect to the '045 patent when filed.  Apotex denies all remaining allegations contained

in paragraph 36.

## COUNTS II AND III

Concurrent with this Answer, Apotex, Inc. and Apotex Corp. have filed a Motion to

Dismiss Counts II and III of Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  Apotex

will provide an answer to Count II and/or Count III at such time as required pursuant to the

Federal Rules of Civil Procedure, or as may be ordered by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A.      A judgment that Defendants have infringed the '045 patent;

B.      An order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any

approval of ANDA No. 79-084 under § 505(j) of the Federal Food, Drug and Cosmetic Act, 21

U.S.C. § 355(j), shall not be earlier that the expiration date of the '045 patent or any extension

thereof;

C.      A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and

enjoining Defendants, their officers, agents, servants and employees, and those persons in active

149452

concert or participation with any of them, from infringement, inducing infringement, or contributory infringement of the '045 patent for the full term thereof;

D.      A preliminary injunction restraining and enjoining Defendants, their officers, agents, servants and employees, and those persons in active concert or participation with any of them, from infringement, inducing infringement, or contributory infringement of the '045 patent for the full term thereof until such time as the Court issues a final decision on the merits;

E.      A declaration that this is an exceptional case and an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

F.      Costs and expenses in this action; and

G.      Such other and further relief as the Court may deem just and proper.

**ANSWER:**

Apotex specifically denies that Plaintiffs are entitled to the general or specific relief requested against Apotex, or to any relief whatsoever, and prays for judgment in favor of Apotex dismissing this action with prejudice, and awarding Apotex its reasonable attorneys' fees pursuant to 35 U.S.C. § 285, interest, and costs of this action, and such other or further relief as this Court may deem just and proper.

## **AFFIRMATIVE DEFENSES**

Without prejudice to the denials set forth in its Answer and without admitting any allegations of the Complaint not otherwise admitted, Apotex, Inc. and Apotex Corp. (collectively "Apotex") aver and assert the following Affirmative Defenses to Plaintiffs', Senju Pharmaceutical Co., Ltd., Kyorin Pharmaceutical Co., Ltd. and Allergan, Inc.'s Complaint.

12

149452

## FIRST AFFIRMATIVE DEFENSE
### (Noninfringement of U.S. Patent No. 6,333,045)

The manufacture, use, sale, offer to sell or importation into the United States of Apotex's

proposed gatifloxacin ophthalmic solution that is the subject matter of ANDA No. 79-084 would

not and will not directly, indirectly, contributorily and/or by inducement, infringe any validly

construed claim of U.S. Patent No. 6,333,045 ("the '045 patent") either literally or under the

doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity of U.S. Patent No. 6,333,045)

Upon information and belief, the claims of the '045 patent are invalid and/or

unenforceable for failure to comply with one or more of the provisions of Title 35 of the United

States Code, including, but not limited to Sections 101, 102, 103 and/or 112, and/or 37 CFR §

1.56.

## COUNTERCLAIMS

1.      Counterclaimant Apotex Corp. is a corporation organized under the laws of the

State of Delaware, and its principal place of business is located at 2400 North Commerce

Parkway, Suite 400, Weston, Florida 33326.

2.      Counterclaimant Apotex, Inc. is a corporation organized under the laws of

Canada, and its principal place of business is located at 150 Signet Drive, Toronto, Ontario,

Canada M9L 1T9.

3.      Upon information and belief, Counterclaim Defendant Senju Pharmaceutical Co.,

Ltd. ("Senju") is a corporation organized and existing under the laws of Japan having a place of

business at 2-5-8, Hirano-Machi, Chuo-ku, Osaka 541-0046, Japan.

149452

4.      Upon information and belief, Counterclaim Defendant Kyorin Pharmaceutical Co., Ltd. ("Kyorin") is a corporation organized under the laws of Japan having a place of business at 5, Kanda Surugadai 2-chome, Chiyoda-ku, Tokyo 101-8311, Japan.

5.      Upon information and belief, Counterclaim Defendant Allergan, Inc. ("Allergan") is a Delaware corporation having a place of business at 2525 Dupont Drive, Irvine, California, 92612.  As a consequence of Plaintiffs/Counterclaim Defendants' complaint against Apotex Corp. there is now an existing, continuing actual controversy between Senju, Kyorin and Allergan and Apotex Corp., regarding the alleged infringement, validity and enforceability of U.S. Patent Nos. 6,333,045, ("the '045 patent") and 5,880,283 ("the '283 patent").

6.      This Court has jurisdiction over the subject matter of these counterclaims pursuant to §§ 1331 and 1338 (a) of Title 28 of the U.S. Code because they involve substantial claims arising out of the United States Patent Act, 35 U.S.C. § 1, *et. seq*.

7.      This Court may declare the rights and legal relation for the parties pursuant to §§ 2201 and 2202 of Title 28 of the U.S. Code and § 271 (e)(5) of Title 35 of the U.S. Code because Apotex Corp.'s counterclaims present an actual controversy within the Court's jurisdiction that the patents asserted by Plaintiffs/Counterclaim Defendants against Defendant/Counterclaim Plaintiff, Apotex Corp. are not infringed and/or are invalid.

8.      Venue for these counterclaims is proper within this District in which Plaintiffs/Counterclaim Defendants' Complaint is pending.

## COUNT I
## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '045 PATENT

9.      The manufacture, use, sale, offer to sell or importation into the United States of Apotex, Inc.'s or Apotex Corp.'s proposed gatifloxacin ophthalmic solution that is the subject of ANDA No. 79-084 would not and will not directly, indirectly, contributorily and/or by

149452

inducement, infringe any validly construed claim of the '045 patent either literally or under the doctrine of equivalents.

## COUNT II
## DECLARATORY JUDGMENT OF PATENT INVALIDITY OF THE '045 PATENT

10.    Upon information and belief, the claims of the '045 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to Sections 101, 102, 103 and/or 112.

## COUNT III
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '283 PATENT

11.    The manufacture, use, sale, offer to sell or importation into the United States of Apotex, Inc.'s or Apotex Corp.'s proposed gatifloxacin ophthalmic solution that is the subject of ANDA No. 79-084 would not and will not directly, indirectly, contributorily and/or by inducement, infringe any validly construed claim of the '283 patent either literally or under the doctrine of equivalents.

## COUNT IV
## DECLARATORY JUDGMENT OF PATENT INVALIDITY OF THE '283 PATENT

12.    Upon information and belief, the claims of the '283 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to Sections 101, 102, 103 and/or 112.

## PRAYER FOR RELIEF

**WHEREFORE,** Apotex, Inc. and Apotex Corp, respectfully request the Court to enter judgment against counterclaim defendants Senju, Kyorin, and Allergan  as follows:

A.    Declaring that Apotex, Inc.'s or Apotex Corp.'s proposed gatifloxacin ophthalmic solution that is the subject of ANDA No. 79-084 would not and will not directly, indirectly,

149452

contributorily and/or by inducement, infringe any validly construed claim of the '045 patent either literally or under the doctrine of equivalents.

      B.      Declaring that Apotex, Inc.'s or Apotex Corp.'s proposed gatifloxacin ophthalmic solution that is the subject of ANDA No. 79-084 would not and will not directly, indirectly, contributorily and/or by inducement, infringe any validly construed claim of the '283 patent either literally or under the doctrine of equivalents.

      C.      Declaring that U.S. Patent No. 6,333,045 is invalid for failure to comply with one or more provisions of 35 U.S.C. § 101, 102, 103, and/or 112.

      D.      Declaring that U.S. Patent No. 5,880,283 is invalid for failure to comply with one or more provisions of 35 U.S.C. § 101, 102, 103, and/or 112.

      E.      Awarding Apotex Corp. its reasonable costs and attorneys fees incurred in connection with this action pursuant to 35 U.S.C. § 285; and

      F.      Awarding all such other and further relief as this Court may deem just and proper.

Dated: January 22, 2007

                                       Respectfully Submitted,

                                       /s/Francis J. Murphy
                                     Francis J. Murphy, DE I.D. No. 223
                                     MURPHY & LANDON
                                     1011 Centre Road, Suite 210
                                     Wilmington, Delaware  19805
                                     (302) 472-8103
                                     (302) 472-8135 (fax)
                                     fmurphy@msllaw.com

*Of Counsel:*
David G. Greene
Alan B. Clement
Sarah M. Chen
LOCKE LORD BISSELL & LIDDELL LLP
885 Third Avenue, 26th Floor

149452

New York, NY  10022
(212) 947-4700
(212) 947-1202
dgreene@lockelord.com
aclement@lockelord.com
schen@lockelord.com

Keith D. Parr
Scott B. Feder
Kevin M. Nelson
David B. Abramowitz
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Dr.
Chicago, Illinois  60606
312-443-0700
312-443-0336 (fax)
kparr@lockelord.com
sfeder@lockelord.com
knelson@lockelord.com
dabramowitz@lockelord.com

**Attorneys for Defendant**
**Apotex Corp.**

149452

## CERTIFICATE OF SERVICE

The undersigned on oath states that foregoing **DEFENDANTS APOTEX, INC. AND APOTEX CORP.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT** was served on the following counsel by electronic filing with the Court's ECF system and by placing a true and correct copy in the U.S. Mail on this 22nd day of January, 2008.

Jack B. Blumenfeld
Maryellen Noreika
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

Richard D. Kelly
William T. Enos
Stephen G. Baxter
Frank J. West
OBLON, SPIVAK, McCLELLAND,
 MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA  22314
(703) 413-3000
rkelly@oblon.com
wenos@oblon.com
sbaxter@oblon.com
fwest@oblon.com

**MURPHY & LANDON**


/s/Francis J. Murphy
Francis J. Murphy, DE I.D. No. 223
1011 Centre Road, Suite 210
Wilmington, Delaware  19805
(302) 472-8103
(302) 472-8135 (fax)
fmurphy@msllaw.com

149452

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SENJU PHARMACEUTICAL CO., LTD., )
KYORIN PHARMACEUTICAL CO., LTD. )
and ALLERGAN, INC., )
      Plaintiffs, )
   v. )
APOTEX, INC., APOTEX CORP. and )  C.A. No. 07-779-***-LPS
APOTEX PHARMACHEM INDIA, PVT, )
LTD., )
      Defendants. )


## APOTEX, INC.'S FED. R. CIV. P. 7.1 CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 7.1(a) of the Federal Rules of Civil Procedure, defendant Apotex, Inc.

hereby discloses that the parent corporation for Apotex, Inc. is Apotex Pharmaceutical Holdings,

Inc.  No publicly held corporation owns 10% or more of Apotex, Inc.


Dated: January 22, 2008

      Respectfully Submitted,

      /s/Francis J. Murphy
      Francis J. Murphy, DE I.D. No. 223
      MURPHY & LANDON
      1011 Centre Road, Suite 210
      Wilmington, Delaware  19805
      (302) 472-8103
      (302) 472-8135 (fax)
      fmurphy@msllaw.com

*Of Counsel:*
David G. Greene
Alan B. Clement
Sarah M. Chen
LOCKE LORD BISSELL & LIDDELL LLP
885 Third Avenue, 26th Floor
New York, NY  10022

(212) 947-4700
(212) 947-1202
dgreene@lockelord.com
aclement@lockelord.com
schen@lockelord.com

Keith D. Parr
Scott B. Feder
Kevin M. Nelson
David B. Abramowitz
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Dr.
Chicago, Illinois  60606
312-443-0700
312-443-0336 (fax)
kparr@lockelord.com
sfeder@lockelord.com
knelson@lockelord.com
dabramowitz@lockelord.com

**Attorneys for Defendant
Apotex, Inc.**

2

149450

## CERTIFICATE OF SERVICE

The undersigned on oath states that foregoing **APOTEX, INC.'S FED. R. CIV. P. 7.1 CORPORATE DISCLOSURE STATEMENT** was served on the following counsel by electronic filing with the Court's ECF system and by placing a true and correct copy in the U.S. Mail on this 22nd day of January, 2008.

Jack B. Blumenfeld
Maryellen Noreika
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

Richard D. Kelly
William T. Enos
Stephen G. Baxter
Frank J. West
OBLON, SPIVAK, McCLELLAND,
 MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA  22314
(703) 413-3000
rkelly@oblon.com
wenos@oblon.com
sbaxter@oblon.com
fwest@oblon.com

### MURPHY & LANDON

/s/Francis J. Murphy
Francis J. Murphy, DE I.D. No. 223
1011 Centre Road, Suite 210
Wilmington, Delaware  19805
(302) 472-8103
(302) 472-8135 (fax)
fmurphy@msllaw.com

149450

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SENJU PHARMACEUTICAL CO., LTD.,           )
KYORIN PHARMACEUTICAL CO., LTD.           )
and ALLERGAN, INC.,                       )
                          Plaintiffs,     )
                                          )
              v.                          )
APOTEX, INC., APOTEX CORP. and            )        C.A. No. 07-779-***-LPS
APOTEX PHARMACHEM INDIA, PVT,             )
LTD.,                                     )
                          Defendants.     )

**APOTEX CORP.'S FED. R. CIV. P. 7.1 CORPORATE DISCLOSURE STATEMENT**

Pursuant to Rule 7.1(a) of the Federal Rules of Civil Procedure, defendant Apotex Corp.

hereby discloses that the parent corporation for Apotex Corp. is Aposherm Inc.  No publicly held

corporation owns 10% or more of Apotex, Corp.


Dated: January 22, 2008

                              Respectfully Submitted,

                              /s/Francis J. Murphy
                              Francis J. Murphy, DE I.D. No. 223
                              MURPHY & LANDON
                              1011 Centre Road, Suite 210
                              Wilmington, Delaware  19805
                              (302) 472-8103
                              (302) 472-8135 (fax)
                              fmurphy@msllaw.com

*Of Counsel:*
David G. Greene
Alan B. Clement
Sarah M. Chen
LOCKE LORD BISSELL & LIDDELL LLP
885 Third Avenue, 26th Floor
New York, NY  10022

(212) 947-4700
(212) 947-1202
dgreene@lockelord.com
aclement@lockelord.com
schen@lockelord.com

Keith D. Parr
Scott B. Feder
Kevin M. Nelson
David B. Abramowitz
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Dr.
Chicago, Illinois 60606
312-443-0700
312-443-0336 (fax)
kparr@lockelord.com
sfeder@lockelord.com
knelson@lockelord.com
dabramowitz@lockelord.com

**Attorneys for Defendant**
**Apotex Corp.**

## CERTIFICATE OF SERVICE

The undersigned on oath states that foregoing **APOTEX CORP.'S FED. R. CIV. P. 7.1 CORPORATE DISCLOSURE STATEMENT** was served on the following counsel by electronic filing with the Court's ECF system and by placing a true and correct copy in the U.S. Mail on this 22nd day of January, 2008.

Jack B. Blumenfeld
Maryellen Noreika
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

Richard D. Kelly
William T. Enos
Stephen G. Baxter
Frank J. West
OBLON, SPIVAK, McCLELLAND,
 MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA  22314
(703) 413-3000
rkelly@oblon.com
wenos@oblon.com
sbaxter@oblon.com
fwest@oblon.com

**MURPHY & LANDON**

/s/Francis J. Murphy
Francis J. Murphy, DE I.D. No. 223
1011 Centre Road, Suite 210
Wilmington, Delaware  19805
(302) 472-8103
(302) 472-8135 (fax)
fmurphy@msllaw.com