IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SENJU PHARMACEUTICAL CO., LTD., KYORIN PHARMACEUTICAL CO., LTD. and ALLERGAN, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>APOTEX, INC., APOTEX CORP. and APOTEX PHARMACHEM INDIA, PVT, LTD.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 07-779 (SLR)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFFS' RESPONSE TO APOTEX, INC. AND APOTEX CORP.'S COUNTERCLAIMS

Plaintiffs' Senju Pharmaceutical Co., Ltd., Kyorin Pharmaceutical Co., Ltd., and Allergan, Inc., ("Plaintiffs") respond to Defendants Apotex, Inc. and Apotex Corp.'s Counterclaims follows:

1. Counterclaimant Apotex Corp. is a corporation organized under the laws of the State of Delaware, and its principal place of business is located at 2400 North Commerce Parkway, Suite 400, Weston, Florida 33326.

**RESPONSE:** Admitted.

2. Counterclaimant Apotex, Inc. is a corporation organized under the laws of Canada, and its principal place of business is located at 150 Signet Drive, Toronto, Ontario, Canada M9L 1T9.

**RESPONSE:** Admitted.

3. Upon information and belief, Counterclaim Defendant Senju Pharmaceutical Co., Ltd. ("Senju") is a corporation organized and existing under the laws of Japan having a place of business at 2-5-8, Hirano-Machi, Chuo-ku, Osaka 541-0046, Japan.

**RESPONSE:** Admitted.

4. Upon information and belief, Counterclaim Defendant Kyorin Pharmaceutical Co., Ltd. ("Kyorin") is a corporation organized under the laws of Japan having a place of business at 5, Kanda Surugadai 2-chome, Chiyoda-ku, Tokyo 101-8311, Japan.

**RESPONSE:** Admitted.

5. Upon information and belief, Counterclaim Defendant Allergan, Inc. ("Allergan") is a Delaware corporation having a place of business at 2525 Dupont Drive, Irvine, California, 92612. As a consequence of Plaintiffs/Counterclaim Defendants' complaint against Apotex Corp. there is now an existing, continuing actual controversy between Senju, Kyorin and Allergan and Apotex Corp., regarding the alleged infringement, validity and enforceability of U.S. Patent Nos. 6,333,045, ("the '045 patent") and 5,880,283 ("the '283 patent").

**RESPONSE:** The first sentence of ¶ 5 is admitted. The second sentence is admitted with respect to the '045 patent, denied with respect to the '283 patent.

6. This Court has jurisdiction over the subject matter of these counterclaims pursuant to §§ 1331 and 1338 (a) of Title 28 of the U.S. Code because they involve substantial claims arising out of the United States Patent Act, 35 U.S.C. § 1, *et. seq.*

**RESPONSE:** Admitted with respect to the '045 patent, but denied with respect to the '283 patent.

7. This Court may declare the rights and legal relation for the parties pursuant to §§ 2201 and 2202 of Title 28 of the U.S. Code and § 271 (e)(5) of Title 35 of the U.S.

2

Code because Apotex Corp.'s counterclaims present an actual controversy within the Court's jurisdiction that the patents asserted by Plaintiffs/Counterclaim Defendants against Defendant/Counterclaim Plaintiff, Apotex Corp. are not infringed and/or are invalid.

**RESPONSE:** Admitted with respect to the '045 patent, but denied with respect to the '283 patent.

8. Venue for these counterclaims is proper within this District in which Plaintiffs/Counterclaim Defendants' Complaint is pending.

**RESPONSE:** Admitted with respect to the '045 patent, but denied with respect to the '283 patent.

### COUNT I – DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '045 PATENT

9. The manufacture, use, sale, offer to sell or importation into the United States of Apotex, Inc.'s or Apotex Corp.'s proposed gatifloxacin ophthalmic solution that is the subject of ANDA No. 79-084 would not and will not directly, indirectly, contributorily and/or by inducement, infringe any validly construed claim of the '045 patent either literally or under the doctrine of equivalents.

**RESPONSE:** Denied.

### COUNT II – DECLARATORY JUDGMENT OF PATENT INVALIDITY OF THE '045 PATENT

10. Upon information and belief, the claims of the '045 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to Sections 101, 102, 103 and/or 112.

**RESPONSE:** Denied.

### COUNT III – DECLARATORY JUDGMENT OF
### NON-INFRINGEMENT OF THE '283 PATENT

11. The manufacture, use, sale, offer to sell or importation into the United States of Apotex, Inc.'s or Apotex Corp.'s proposed gatifloxacin ophthalmic solution that is the subject of ANDA No. 79-084 would not and will not directly, indirectly, contributorily and/or by inducement, infringe any validly construed claim of the '283 patent either literally or under the doctrine of equivalents.

**RESPONSE:** Apotex Inc. and Apotex Corp fails to state a claim for which relief can be granted. Fed R. Civ. P. 12(b)(6). There is no case or controversy with respect to the '283 patent. The '283 patent claims a crystalline form of gatifloxacin. Apotex Inc. and Apotex Corp. have made no averments that either entity is importing, manufacturing, using, or selling in the United States a crystalline form of gatifloxacin. Apotex Corp.'s October 17, 2007, Paragraph IV statement to Senju, Kyorin, and Allergan, only identifies a solution containing gatifloxacin, not a crystalline form, as the subject of Apotex Corp.'s Abbreviated New Drug Application.

### COUNT IV – DECLARATORY JUDGMENT OF
### PATENT INVALIDITY OF THE '283 PATENT

12. Upon information and belief, the claims of the '283 patent are invalid for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to Sections 101, 102, 103 and/or 112.

**RESPONSE:** Apotex Inc. and Apotex Corp fails to state a claim for which relief can be granted. Fed R. Civ. P. 12(b)(6). There is no case or controversy with respect to the '283 patent. The '283 patent claims a crystalline form of gatifloxacin. Apotex Inc. and Apotex Corp. have made no averments that either entity is importing, manufacturing, using,

or selling in the United States a crystalline form of gatifloxacin. Apotex Corp.'s October 17, 2007, Paragraph IV statement to Senju, Kyorin, and Allergan, only identifies a solution containing gatifloxacin, not a crystalline form, as the subject of Apotex Corp.'s Abbreviated New Drug Application.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Maryellen Noreika

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs*

*Of Counsel*:

Richard D. Kelly
Stephen G. Baxter
William T. Enos
Frank J. West
OBLON, SPIVAK, MCCLELLAND,
  MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA  22314
(703) 413-3000

February 14, 2008

5

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2008 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:.

    Francis J. Murphy
    MURPHY & LANDON

I further certify that I caused to be served copies of the foregoing document on February 8, 2008 upon the following in the manner indicated:

| | |
|---|---|
| Francis J. Murphy, Esquire<br>MURPHY & LANDON<br>1011 Centre Road<br>Suite 210<br>Wilmington, DE 19805 | *VIA ELECTRONIC MAIL* |
| David G. Greene, Esquire<br>Alan B. Clement, Esquire<br>Sarah M. Chen, Esquire<br>LOCKE LORD BISSELL & LIDDELL LLP<br>885 Third Avenue<br>26th Floor<br>New York, NY 10022 | *VIA ELECTRONIC MAIL* |
| Keith D. Parr, Esquire<br>Scott B. Feder, Esquire<br>Kevin M. Nelzon, Esquire<br>David M. Abramowitz, Esquire<br>LOCKE LORD BISSELL & LIDDELL LLP<br>111 South Wacker Drive<br>Chicago, IL 60606 | *VIA ELECTRONIC MAIL* |

                /s/ Maryellen Noreika
                Maryellen Noreika (#3208)