IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SENJU PHARMACEUTICAL CO., LTD., KYORIN PHARMACEUTICAL CO., LTD. and ALLERGAN, INC.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>APOTEX, INC., APOTEX CORP. and APOTEX PHARMACHEM INDIA, PVT, LTD.,<br><br>　　　　　　Defendants. | C.A. No. 07-779 (SLR) |

## ORDER

At Wilmington this ___3d___ day of April 2008, the Plaintiffs and Defendants Apotex, Inc. and Apotex Corp. having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b),

IT IS ORDERED that:

The following schedule shall apply to this action.

1. **Pre-Discovery Disclosures.** The parties will exchange by **April 11, 2008**, the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery.**

(a) Discovery will be needed on the following subjects: Plaintiffs will take discovery on infringement and defendants' contentions on claim construction and invalidity. Defendants will take discovery on claim construction, infringement, and validity of the patent(s)-in-suit.

The parties have consulted with respect to electronic discovery and have agreed to produce electronically stored information as single page TIFFs with load files. The parties have further agreed that it is not necessary to produce metadata although each party reserves the right to request metadata with respect to specific documents.

(b)  All fact discovery shall be commenced in time to be completed by: **April 3, 2009.**

(1)  Document production shall be completed on or before: **October 28, 2008.**

(2)  Maximum of **25** interrogatories by each party[1] to any other party.

(3)  In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; *i.e.*, the more detail a party provides, the more detail a party shall receive.

(4)  Maximum of **100** substantive requests for admission by each party to any other party and unlimited requests regarding authenticity of documents.

(5)  In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(6)  A maximum of 15 depositions of fact witnesses by plaintiffs collectively and a maximum of 15 depositions of fact witnesses by defendants collectively. Each

---

[1] For purposes of this Order, the three plaintiffs and three defendants are each considered to be a "party."

2

fact deposition by plaintiffs is limited to a maximum of 7 hours unless extended by agreement of parties. Each fact deposition of inventors by the defendants is limited to a maximum of 21 hours per deposition inclusive of translation time unless extended by agreement of the parties. Fact depositions of non-inventor witnesses by the defendants is limited to a maximum of 7 hours per deposition unless extended by agreement of the parties.

(c) Expert discovery shall be commenced in time to be completed by: Plaintiffs' Proposal **October 9, 2009.**

(1) Expert reports on issues for which the parties have the burden of proof due: **June 16, 2009.** Rebuttal expert reports due: **July 21, 2009.** The parties have agreed that drafts of expert reports shall not be discoverable.

(2) The parties will discuss the appropriate length of expert depositions during the period for expert discovery.

(3) All *Daubert* motions shall be filed on or before: **December 20, 2009.**

(d) Supplementations under Rule 26(e) due: **December 1, 2008** and at other times as appropriate pursuant to Federal Rule of Civil Procedure 26(e).

(e) **Discovery Disputes.** The court shall conduct an in-person discovery status conference on **October 2, 2008 at 4:30 p.m.** the time to be allocated equally among the sides. No motions to compel or motions for protective order shall be filed absent approval of the court.

(1) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

3

(2) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(f) **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to **an aggregate total of twenty (20) hours per side** unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before: **December 1, 2008.**

4. **Service.** The parties have agreed to service of pleadings and other documents by email. This agreement does not extend to service of process of the complaint and summons on Apotex Pharmachem India, PVT, Ltd. ("Apotex India") against whom service has not yet been completed.

5. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

6. **Claim Construction Issue Identification.** If the court does not find that a limited earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim

construction of those terms on: **March 3, 2009**. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

       7.     **Summary Judgment Motions.** No summary judgment motions shall be filed without leave of the Court.

       8.     **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on: **September 25, 2009**, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on: **October 20, 2009**. Simultaneous response briefs should be filed by: **November 20, 2009**. The hearing on the claim construction will be held on: **December 4, 2009 at 9:30 a.m.**

       9.     **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. The court will not consider applications and requests submitted by letter or in a form other than a motion, absent express approval by the court.

       (a)     Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

       (b)     No telephone calls shall be made to chambers.

       (c)     Any party with an emergency matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed

forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

10. **Motions in Limine.** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conferences and during trial (before and after the trial day).

11. **Pretrial Conference.** A pretrial conference will be held on: **December 17, 2009 at 4:30 p.m.** in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

12. **Trial.** This matter is scheduled for a two week bench trial commencing **January 11, 2010** in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

                                                                            /s/ _____
United States District Judge