IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SENJU PHARMACEUTICAL CO., LTD., | ) | |
| KYORIN PHARMACEUTICAL CO., LTD. | ) | |
| and ALLERGAN, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-779 (SLR) |
| | ) | |
| APOTEX, INC. and APOTEX CORP., | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATED PROTECTIVE ORDER

WHEREAS, the parties have stipulated that certain discovery material be treated as confidential;

WHEREAS, discovery in this action may involve the disclosure of certain documents, things, and information in the possession, custody, or control of the Plaintiffs Senju Pharmaceutical Co., Ltd., Kyorin Pharmaceutical Co., Ltd., and Allergan, Inc. (collectively "Plaintiffs"), the Defendants Apotex, Inc. and Apotex Corp. (collectively "Defendants"), or non-parties, that constitute or contain trade secrets or other confidential research, development, or commercial information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

WHEREAS, such confidential information must be protected in order to preserve the legitimate business interests of the parties or non-parties; and

WHEREAS, the parties, through counsel, stipulate that good cause exists for the entry of this Stipulated Protective Order pursuant to Rule 26(c) for the purposes of advancing the progress of this case and to prevent unnecessary dissemination or disclosure of such confidential information.

Accordingly, it is this ___ day of ___, 2008, by the United States District Court for the District of Delaware, ORDERED:

**CONFIDENTIALITY DESIGNATIONS**

1.       Any document, or portion thereof, any type of evidence, and any form of discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure and any other information or thing hereafter furnished, directly or indirectly, by or on behalf of any party, non-party or witness in connection with this action ("Discovery Material") which is in good faith considered to contain or constitute any trade secret or other confidential or proprietary research, development, commercial, or financial information may be designated "CONFIDENTIAL" by the party providing such Discovery Material ("the Producing Party"). CONFIDENTIAL Discovery Material, designated as such in accordance with this Order, shall be disclosed or made available only to persons permitted by paragraphs 3, 4, 5, or 7 and who have complied with the conditions of the respective paragraph and may be used solely for the purposes set out in paragraph 9 of this Order.  CONFIDENTIAL Material may include, but is not limited to, information concerning non-public confidential research for and production of current or future products (including products presently undergoing FDA approval), financial information, sensitive strategic, commercial or planning information, including marketing plans and forecasts, non-public portions of pending or abandoned patent applications, foreign or domestic, and competitively sensitive information, whether embodied in documents, things or the factual knowledge of persons.

**DESIGNATION PROCEDURE**

2.       CONFIDENTIAL Discovery Material may be designated as subject to this Stipulated Protective Order as follows:

2

(a)    With respect to documents or copies provided by one party to the other, by marking the initial page and the page or pages on which any CONFIDENTIAL information appears with the legend "CONFIDENTIAL SUBJECT TO THE PROTECTIVE ORDER" or a marking of like import at the time of production of the documents.  In the case of tangible things (including magnetic media documents on floppy discs, CD-ROM, compact discs, or tapes): by placing a label or tag on the object or on its container with the legend "CONFIDENTIAL SUBJECT TO THE PROTECTIVE ORDER," or, if not practicable, as otherwise agreed, at the time of production of the object.

(b)    In the event that a Producing Party elects to produce documents or things for inspection, no confidentiality designation need be made prior to the inspection.  For purposes of the inspection, all documents and things shall be considered "CONFIDENTIAL SUBJECT TO THE PROTECTIVE ORDER", thereby making them subject to this Order.  However, upon production of such documents or things, the Producing Party shall mark CONFIDENTIAL Discovery Material in accordance with subparagraph (a) above.

(c)    Testimony or information disclosed at a deposition may be designated by a party as CONFIDENTIAL by indicating on the record at the deposition those specific portions of the testimony which contain CONFIDENTIAL information that is to be made subject to the provisions of this Order.  In such a case, the portion of the transcript containing the designated testimony shall be marked with the appropriate legend ("CONFIDENTIAL SUBJECT TO THE PROTECTIVE ORDER ") by the reporter.  Alternatively, a party may designate testimony or information disclosed at a deposition as CONFIDENTIAL by notifying the other parties and the Court Reporter, in writing, within thirty (30) days of receipt of the transcript of the deposition from the Court Reporter, those portions of the testimony that are to be designated

CONFIDENTIAL SUBJECT TO THE PROTECTIVE ORDER. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody, or control. Whether or not designation is made at the time of a deposition, all depositions shall be treated as CONFIDENTIAL from the taking of the deposition until thirty (30) days after receipt of the transcript.

Notwithstanding the foregoing, any employee, agent, advisor, representative, or person affiliated with a party who is not authorized to receive CONFIDENTIAL Discovery Material under paragraphs 3—5 may attend a deposition at which CONFIDENTIAL Discovery Material may be disclosed. Such persons shall be excluded from the deposition room during the period any CONFIDENTIAL Discovery Material is disclosed or discussed unless the Producing Party otherwise consents to their presence.

(d)    In the case of responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda, or other papers filed with the Court, those materials and all information contained therein may be designated as CONFIDENTIAL by prominently marking the initial page of such paper and the page or pages on which any CONFIDENTIAL information appears with the legend "CONFIDENTIAL SUBJECT TO THE PROTECTIVE ORDER" or a marking of like import.

(e)    Any pleading, brief, declaration, affidavit, or other public filing marked "CONFIDENTIAL" or containing CONFIDENTIAL Discovery Material shall be filed electronically under seal, together with a motion to seal, pursuant to the requirements of Local Civil Rules 5.1.3 and 5.3 and the Court's Revised Administrative Procedures Governing Filing and Service by Electronic Means; provided, however, that the burden of establishing the criteria

for sealing under the Local Civil Rules and Revised Administrative Procedures shall at all times be on the party which designated the Discovery Material "CONFIDENTIAL".

(f)    In the event that any Confidential Material is used in any Court pre-trial proceeding in this litigation (including but not limited to conferences, oral agreements, or hearings), the Confidential Material shall not lose its status as Confidential Material through such use, and the Producing Party, upon prior notification by the opposing party of the intention of the opposing party to use Confidential Material of the Producing Party in such pre-trial proceeding, shall take all steps reasonably required to protect the confidentiality of the Confidential Material during such use, including, but not limited to, requesting in camera proceedings. The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial. The parties agree to meet and confer in good faith prior to trial to establish procedures for the use of Confidential Material at trial.

**RESTRICTIONS ON DISCLOSURE**

3.    CONFIDENTIAL Discovery Material and any analysis or report containing CONFIDENTIAL Discovery Material may be made available to and inspected by the Court and its personnel, any outside counsel of record, including lawyers, employees and staff of the law firm working under the supervision of such outside counsel, including regular and temporary employees, contractors and agents, court reporters, and photocopying and/or graphics services. The current outside counsel of record are listed below:

> Plaintiffs:
> OBLON, SPIVAK, MCCLELLAND, MAIER & NEUSTADT, P.C.
> 1940 Duke Street
> Alexandria, VA 22314

Defendants:
LOCKE, LORD, BISSELL & LIDDELL, LLP
885 Third Avenue, 26th Floor
New York, NY 10022

4.     Except as noted below, CONFIDENTIAL Discovery Material, and any analysis or report containing CONFIDENTIAL Discovery Material may be disclosed to up to three (3) licensed U.S., Canadian, or Japanese in-house counsel (including benrishi and bengoshi) of each of plaintiff and defendants who are working on or have responsibility for this case.  The parties shall designate these individuals in a separate exchange of letters.  The specified licensed in-house counsel designated by the parties shall not be involved in the preparation or prosecution of any patent application that covers gatifloxicin compositions for the duration of the action including appeals, and for a period of at least two (2) years thereafter.  The in-house counsel designated by the parties shall not disclose to the FDA any CONFIDENTIAL Discovery Material obtained as a result of this litigation.  CONFIDENTIAL Discovery Material and any analysis or report containing CONFIDENTIAL Discovery Material may also be disclosed to the staff of the designated in-house counsel.

5.     CONFIDENTIAL Discovery Material and any analysis or report containing CONFIDENTIAL Discovery Material may be disclosed to independent experts and independent consultants (including jury consultants) and their staffs (including members of mock juries) who are employed to furnish expert or technical services or to give expert testimony with regard to this action and not otherwise affiliated in any way with a party.  As a condition precedent to disclosure of CONFIDENTIAL Discovery Material to any such person, he or she must: acknowledge receipt and understanding of this Stipulated Protective Order; agree to be bound thereby; agree to use the CONFIDENTIAL Discovery Material solely for this litigation, and not to disclose any CONFIDENTIAL Discovery Material to any other person, firm, or concern in

violation of this Stipulated Protective Order; and agree never to use any CONFIDENTIAL Discovery Material, directly or indirectly, in competition with the party that disclosed it, nor to allow any other person to do so. Each person specified in this paragraph shall execute a declaration acknowledging the foregoing, in the form annexed hereto at Exhibit A, before receiving any CONFIDENTIAL Discovery Material. For each independent expert who executes a declaration, counsel who retained the independent expert shall forward a copy of the executed declaration, together with a current CV, a list of prior consulting relationships for companies involved in the development, manufacturing, marketing or sale of pharmaceutical products, and a list of all cases in which the expert testified at trial or by deposition within the last four (4) years, to counsel for the other parties at least ten (10) calendar days prior to the proposed disclosure of CONFIDENTIAL Discovery Material. If any party objects to the proposed disclosure to the expert within ten (10) calendar days after receipt of the notice of it, the disclosure may not be made without prior written consent by the objecting party or prior approval by the Court. Opposing counsel shall make a good-faith effort to reach an agreement regarding the proposed disclosure to the expert. If an agreement cannot be reached, the party desiring to disclose CONFIDENTIAL Discovery Material to the expert shall make an appropriate motion. The burden shall be on the objecting party to show the Court why the disclosure should not be made.

6.    In the event that counsel for a party deems it necessary to disclose any CONFIDENTIAL Discovery Material to any person not permitted by paragraphs 3—5, said counsel shall notify counsel for the Producing Party in writing of (a) the specific information, documents and/or testimony to be disclosed and (b) the person(s) to whom such disclosure is to be made. Opposing counsel shall make a good-faith effort to reach an agreement regarding the proposed disclosure. If an agreement cannot be reached, the party desiring to disclose

CONFIDENTIAL Discovery Material shall make an appropriate motion and shall bear the burden of showing that the proposed disclosure is necessary. Persons being shown Confidential information pursuant to this paragraph (except for current employees of a party to this action) shall be required to sign the Declaration annexed to this Order. A copy of the signed Declaration will be provided to counsel for the Producing Party before the Confidential information is shown to such persons.

7.     A witness at a deposition or trial, who is not authorized to receive CONFIDENTIAL information pursuant to paragraphs 3—5, may be shown any document that contains or reveals CONFIDENTIAL Discovery Material only if the designated CONFIDENTIAL information originated from that person or if it appears to have been authored by, received by, or known to the witness, or provided that the Producing Party consents to such disclosure. In addition, a witness may be shown any document that contains or reveals CONFIDENTIAL Discovery Material if the witness is currently an officer, director, agent, or employee of the Producing Party.

Persons being shown Confidential information during a deposition pursuant to Paragraphs 6 and 7 of this Order (except for current employees of a party to this action) shall not be allowed to retain copies of the Confidential information although such persons will be permitted to review the Confidential information while reviewing their transcript, provided such persons do not retain any copies after completing their review of the transcript for accuracy.

8.     Use of Confidential Material by the Producing Party. Nothing in this Protective Order shall be construed as a limitation on a party's ability to show materials which that party has designated as "CONFIDENTIAL" to whomever the Producing Party may deem appropriate, nor will it be construed as a limitation on a party's ability to show materials designated by

another party as "CONFIDENTIAL" to that Producing Party, including any present employee thereof.

**RESTRICTIONS ON USE**

9.    CONFIDENTIAL Discovery Material obtained from a Producing Party pursuant to pretrial discovery in this action may be used and disclosed only for purposes of defending or prosecuting this action for which it is produced.  No party or person shall make any other use of any such CONFIDENTIAL Discovery Material without prior written permission from the Producing Party, including but not limited to use for commercial or competitive purposes or use in any other legal proceeding, except as permitted by order of the Court. Designated CONFIDENTIAL Discovery Material cannot, for example, be used directly or indirectly by the non-producing party for the purpose of preparing or prosecuting any patent application, in any communication with or petition to any regulatory agency, including the FDA, or in any communication with the United States Pharmacopeia or any similar organization.

10.    Any person who receives any Confidential Material shall maintain such material in accordance with this Protective Order and shall exercise due and proper care with respect to the storage, custody, use, and/or dissemination of such material.

**EFFECT OF DISCLOSURE OF CONFIDENTIAL INFORMATION**

11.    Improper Disclosure of Confidential Materials.  If any Confidential Material is disclosed to any person other than in a manner authorized by this Order, the party responsible for the disclosure or knowledgeable of such disclosure, upon discovery of the disclosure, shall immediately inform the Producing Party of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the party responsible for the disclosure or knowledgeable of the disclosure (including the name, address and employer of the person to

whom the disclosure was made), shall immediately make all reasonable efforts to prevent further disclosure by each unauthorized person who received such information, and shall make all reasonable efforts to retrieve such information.

12.   Nothing in this Stipulated Protective Order shall be construed (a) as preventing a party from using or continuing to use any information that is or becomes publicly known through no unauthorized act of such party, or (b) as preventing a party from using or continuing to use any information that is or becomes known to it if such information was or is lawfully obtained by such party other than through discovery of the Producing Party.  Should a dispute arise as to any specific information or material, the party claiming that such information or material is or was publicly known or was lawfully obtained other than through discovery of the Producing Party shall have the burden of proving its claim.

13.   Nothing in this Stipulated Protective Order shall be construed as an agreement or admission: (a) that any Discovery Material designated as CONFIDENTIAL is in fact confidential or a trade secret; or (b) with respect to the competency, relevance, or materiality of any such information, document, or the like.   Further, nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

14.   A party shall not be obligated to challenge the propriety of a CONFIDENTIAL designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party disagrees at any point with the designation by the Producing Party of any Discovery Material as CONFIDENTIAL, the parties shall make a good-faith effort to resolve the dispute.   If the dispute cannot be resolved, the objecting party may seek

appropriate relief from this Court, and the Producing Party shall have the burden of proving that its designation was appropriate.

15.    The inadvertent or unintentional failure by a Producing Party to designate specific Discovery Material as CONFIDENTIAL shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such Discovery Material.    Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of the inadvertently disclosed Discovery Material, without prejudice to the receiving parties' right to challenge the designation pursuant to paragraph 14.

16.    The inadvertent production of Discovery Material subject to the attorney-client privilege, the attorney work-product doctrine, the common-interest doctrine, or any other privilege or immunity will not constitute waiver of, estoppel as to, or otherwise prejudice any claim of such immunity or privilege.    In addition, the fact that Discovery Material was inadvertently produced shall not be used in any manner as evidence in support of any such alleged waiver or estoppel.  If a party has inadvertently produced Discovery Material subject to a claim of immunity or privilege, upon request of the Producing Party, any documents and all copies thereof shall be returned promptly, and in no event later than five (5) calendar days, after such request is made, as required by Rule 26(b)(5)(B).  Moreover, to the extent practical and reasonable, any notes or summaries, other than those expressly permitted under this section, referring to or relating to any such inadvertently produced Discovery Material subject to a claim of immunity or privilege shall be destroyed.  Nothing herein shall prevent the receiving party from preparing a record for its own use containing the date, author, address(es), and such other information as is reasonably necessary to identify the Discovery Material and generally describe its nature to the Court in any motion to compel production of the Discovery Material.  Such a

record of the identity and nature of Discovery Material may not be used for any purpose other than preparation of a motion to compel in this Action.    After the return of the Discovery Material, the receiving party may challenge the Producing Party's claim(s) of immunity or privilege by making a motion to the Court.    Nothing in this paragraph shall require a Party to withdraw a pleading, filed with the Court prior to receiving a request for return under this paragraph, that references or includes such Discovery Material.

17.    Nothing in this Stipulated Protective Order shall prevent disclosure beyond the terms of this Order if the Producing Party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

**TERMINATION**

18.    (a)    Within thirty (30) days after the conclusion of this action, including any appeals, all Discovery Material designated CONFIDENTIAL, including extracts and summaries thereof, and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party    If the materials are destroyed, counsel responsible for the destruction shall within ten (10) calendar days of such destruction certify to counsel for the Producing Party that destruction has taken place.    Insofar as the provisions of this and any other Order entered in this action restrict the communication and use of information, such Order(s) shall continue to be binding after the conclusion of this litigation except (i) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (ii) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any such Order(s).

(b)    This Court shall retain jurisdiction over the parties and this Stipulated Protective Order for the purposes of compliance with and enforcement of its terms, and the final termination of this action shall not terminate this Stipulated Protective Order or its terms.

## MISCELLANEOUS PROVISIONS

19.    This Stipulated Protective Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the agreement of the parties, nor the designation of any Discovery Material as CONFIDENTIAL, nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

20.    The terms of this Stipulated Protective Order shall be applicable to any third party who produces Discovery Material which is designated by such third party as CONFIDENTIAL. A copy of this Order shall be served along with any subpoena served in connection with this action.

21.    Nothing in this Stipulated Protective Order shall prejudice the right of any party, or any third party, to seek relief from the Court, upon good cause shown, from any of the restrictions provided above or to impose additional restrictions on the disclosure of any Discovery Material.

22.    Nothing in this Stipulated Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this action and, in the course thereof, relying in a general way upon his or her examination of CONFIDENTIAL Discovery Material produced or exchanged in this action; provided, however, that in rendering such advice and in otherwise communicating with a person not entitled to view any CONFIDENTIAL Discovery Material, the attorney shall not disclose the contents of CONFIDENTIAL Discovery Material produced by any other party or non-party.

23.    Jurisdiction.  Any person receiving Confidential Material under the terms of this Protective Order hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

24.    Modification of Protective Order.  Each party reserves the right to apply to the Court to modify the terms of this Protective Order in the event that the party believes that it is necessary.  In the even such an application is made, all persons described herein shall be bound by this Protective Order until it is modified by the Court.

Agreed to and accepted as to both form and substance:

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Maryellen Noreika
_____
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs*

*Of Counsel:*

Richard D. Kelly
Stephen G. Baxter
William T. Enos
Frank J. West
OBLON, SPIVAK, MCCLELLAND,
   MAIER & NEUSTADT, P.C.
1940 Duke Street
Alexandria, VA  22314
(703) 413-3000

MURPHY & LANDON

/s/ Francis J. Murphy
_____
Francis J. Murphy (#223)
1011 Centre Road
Suite 210
Wilmington, DE  19805
(302) 472-8100
fmurphy@msllaw.com

*Attorneys for Defendants*

*Of Counsel:*

David G. Greene
Alan B. Clement
Sarah M. Chen
LOCKE LORD BISSELL & LIDDELL LLP
885 Third Avenue
26th Floor
New York, NY  10022
(212) 947-4700

Keith D. Parr
Scott B. Feder
Kevin M. Nelson
David M. Abramowitz
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, IL 60606
(312) 443-700

SO ORDERED this _____ day of _____, 2008.


_____
                                    J.

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

SENJU PHARMACEUTICAL CO., LTD.,      )
KYORIN PHARMACEUTICAL CO., LTD.      )
and ALLERGAN, INC.,                  )
                                     )
                    Plaintiffs,      )
                                     )
        v.                           )      C.A. No. 07-779 (SLR)
                                     )
APOTEX, INC. and APOTEX CORP.,       )
                                     )
                    Defendants.      )

### DECLARATION AND AGREEMENT TO BE BOUND

      I, _____ declare and state under penalty of perjury that:

1.    My present residential address is _____

_____.

2.    My present employer is _____

_____.

3.    My present occupation or job description is _____

_____.

4.    I have received and carefully read the Stipulated Protective Order dated

_____, and understand its provisions. Specifically, I understand that I am obligated,

under order of the Court, to hold in confidence and not to disclose the contents of anything

marked CONFIDENTIAL to anyone other than the persons permitted by paragraphs 3—5 of the

Stipulated Protective Order. I further understand that I am not to disclose to anyone other than

the persons permitted by paragraphs 3—5 of the Stipulated Protective Order any words,

substances, summaries, abstracts or indices of any CONFIDENTIAL Discovery Material

disclosed to me. I will use the CONFIDENTIAL Discovery Material solely for purposes relating to the above-captioned litigation. I will never use any CONFIDENTIAL Discovery Material, directly or indirectly, in competition with the disclosing party nor will I permit others to do so. I will not use CONFIDENTIAL Discovery Material for the purpose of preparing or prosecuting any patent application, in any communication with or petition to the U.S. Food and Drug Administration, or in any communication with the United States Pharmacopeia or any similar organization nor will I permit others to do so. In addition to the foregoing, I understand that I must abide by all of the provisions of the Stipulated Protective Order.

5.      At the termination of this action or at any time requested by counsel, I will return to counsel for the party by whom I am employed or to counsel by whom I am employed all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting CONFIDENTIAL Discovery Material which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

6.      I understand that if I violate the provisions of the Stipulated Protective Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing party.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed on _____        _____
                                                                    Signature